1  Daniel Lickel (SBN 224510)
   1102 Cesar Chavez Parkway
2  San Diego, CA 92113
   Phone: (858) 952-1033
3  Fax:  (619) 546-0792

4  *Attorney for Plaintiff Maricela Nencini*

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARICELA NENCINI, an individual, | Case No. **'13CV0467 W   JMA** |
| Plaintiff, | **COMPLAINT FOR:** |
| v. | **(1) VIOLATIONS OF THE FEDERAL FAIR DEBT COLLECTION PRACTICES ACT; AND** |
| ASSET ACCEPTANCE, LLC, a Delaware limited liability company; ANN MERRILL, ESQ., an individual; FULTON, FRIEDMAN & GULLACE, LLP; and DOES 1-20 inclusive, | **(2) VIOLATIONS OF THE CALIFORNIA ROSENTHAL UNFAIR DEBT COLLECTION PRACTICES ACT.** |
| Defendants. | |

## INTRODUCTION

1. Plaintiff Maricela Nencini, through her counsel, brings this action to challenge the acts of Asset Acceptance, LLC; Fulton, Friedman & Gullace, LLP; and Ann Merrill, Esq., regarding attempts by each Defendant to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damage.

2. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to Plaintiff, or to Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

COMPLAINT

3. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

4. Any violations by Defendants were knowing, willful, and intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violation.

**JURISDICTION AND VENUE**

5. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692(k), and 28 U.S.C. § 1367 for supplemental state claims.

6. This action arises out of Defendants', and each of their, violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA"), and Defendant Asset Acceptance's violations of the California Rosenthal Unfair Debt Collection Practices Act, California Civil Code §§ 1788 et seq. ("Rosenthal Act").

7. As Defendants do business in the state of California, and committed the acts that form the basis for this suit in the state of California, this Court has personal jurisdiction over Defendants for purposes of this action.

8. Venue is proper pursuant to 28 U.S.C. § 1391.

**PARTIES**

9. Plaintiff is a natural person, adult, and a resident of San Diego County, California.

10. Plaintiff is informed and believes and based thereon alleges that Defendant Ann Merrill, Esq., (hereinafter "Merrill") is an individual doing business in the state of California, County of San Diego.

11. Plaintiff is informed and believes and based thereon alleges that Defendant Asset Acceptance, LLC, (hereinafter "Asset Acceptance") is a Delaware limited liability company, doing business in the state of California, County of San Diego.

12. Plaintiff is informed and believes and based thereon alleges that Defendant Fulton, Friedman & Gullace, LLP, (hereinafter "Fulton") is a California limited liability partnership, doing business in the state of California, County of San Diego.

13. Defendants Asset Acceptance, Fulton, and Merrill are persons who use an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collect or attempt to collect, directly or indirectly, debts

owed or due or asserted to be owed or due another and are therefore "debt collectors" as that phrase is defined by 15 U.S.C. § 1692a(6).

14. Defendant Asset Acceptance, in the ordinary course of business, regularly, on behalf of itself, or others, engages in "debt collection" as that term is defined by California Civil Code § 1788.2(b), and is therefore a "debt collector" as that term is defined by California Civil Code § 1788.2(c).

15. Plaintiff is obligated or allegedly obligated to pay a debt, and is thus a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

16. Plaintiff is a natural person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff, and is thus a "debtor" as that term is defined by Federal Law.

17. Plaintiff is a natural person from whom a debt collector seeks to collect a consumer debt which is due and owing or alleged to be due and owing to such person, and is thus a "debtor" as that term is defined by California Civil Code § 1788.2(h).

18. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a "consumer debt" and "consumer credit" as these terms are defined by California Civil Code § 1788.2(f).

## FACTS COMMON TO ALL CLAIMS

19. Sometime prior to November 2007, Plaintiff is alleged to have incurred certain financial obligations to Beneficial, a nation-wide credit provider. This account was then allegedly acquired by HFC. Both of these entities were described to Plaintiff as members of the HSBC group.

20. These financial obligations were primarily for personal, family or household purposes and are therefore a "debt" as that term is defined by 15 U.S.C. section 1692a(5).

21. Sometime prior to November 2007, Plaintiff fell behind on payments to the account owed to Beneficial. At about that time, Plaintiff retained the services of a debt settlement company to assist her with curing her default in payment. The debt settlement company agreed to receive funds from Plaintiff and distribute those payments to her creditors.

22.   Plaintiff was only able to make payments to the debt settlement company through May 5, 2008.  Plaintiff is informed and believes and based thereon alleges that this payment resulted in a payment being forwarded to Beneficial in the amount of $69.00 on about May 13, 2008. Beneficial/HFC acknowledged receiving this payment on about May 20, 2008.  That is the last time that Plaintiff made a payment on the account that was allegedly owed to Beneficial/HFC.

23.   After this time in about January or February 2009, Plaintiff and her husband Mauro Nencini, informed Beneficial/HFC that Plaintiff was sick and disabled and that they had no money to pay the account.  A true and correct copy of one of the letters they sent is attached hereto as **Exhibit A**.  The letter states that Plaintiff was specifically attempting to make a compromise as to the amount owed, which attempts were refused by Beneficial/HFC.  At this time there was no agreement that an account stated had been formed.

24.   On about June 11, 2012,  Defendants Asset Acceptance, Fulton, and Merrill sent Plaintiff a letter demanding payment of $5,925.40 including interest on the grounds of Asset Acceptance having obtained the rights to Beneficial's debt.  A true and correct copy of that letter is attached hereto as **Exhibit B**.

25.   Subsequently, Defendants Fulton and Merrill, debt collection lawyers, pursuant to the FDCPA, were retained by Defendant Asset Acceptance, also a debt collector pursuant to the FDCPA, to proceed with legal action against Plaintiff for the collection of Plaintiff's alleged financial obligations.

*PROSECUTION OF TIME BARRED DEBT*

26.   On about July 10, 2012, Defendants Fulton and Merrill, pursuant to the instructions of Defendant Asset Acceptance, then filed a complaint against Plaintiff in the Superior Court of San Diego South County Division.  The case was assigned case number 37-2012-00077419-CL-CL-SC.  A true and correct copy of the complaint is attached hereto as **Exhibit C**.  The complaint was made based on a consumer account that was allegedly in default.  The Defendants subsequently caused the complaint to be served on Plaintiff.

27.   When Defendants filed the complaint against Plaintiff, that filing occurred more than four years after Plaintiffs' last payment related to her former account with Beneficial/HFC.  Pursuant to California Code of Civil Procedure section 337, causes of action asserted in the

-4-

COMPLAINT

complaint filed against Plaintiff were barred by the applicable statutes of limitation at the time the complaint was filed in the San Diego Superior Court.

### *FALSE AND MISLEADING ALLEGATIONS OF UNJUST ENRICHMENT*

28. Defendants complaint sought to collect an alleged delinquent amount of $5,438.82 on behalf of Defendant Asset Acceptance that was alleged to be originally owned to Beneficial/HFC.

29. As part of their common counts cause of action, Defendants sought in the complaint to collect this money by stating that Plaintiff received monetary or other benefit in this amount whereby she was unjustly enriched by this amount, even though, a significant portion of this amount represents interest and fees that were imposed by Beneficial/HFC and not actual value that Plaintiff received.

30. This allegation that Plaintiff was unjustly enriched in the amount of $5,438.82 was false and misleading because pursuant to California law a party alleging unjust enrichment is not entitled to collect alleged contract damages such as interest, penalties or fees. A cause of action for unjust enrichment waives such contract damages.

### *FALSE AND MISLEADING ALLEGATIONS OF "ACCOUNT STATED"*

31. In addition, as part of the common counts cause of action alleged in the complaint, the Defendants alleged an "account stated" cause of action.

32. In bringing this cause of action, Defendants factually alleged that an account was stated in writing between the assignor of Defendant Asset Acceptance, Beneficial, and Plaintiff in which it was agreed that Plaintiff was indebted to Beneficial in the amount of $5,438.82

33. In reality, this statement by Defendants to the court and Plaintiff was false, deceptive and misleading, because none of the parties to this purported account stated ever assented to a new, written contract between them.

34. This statement by Defendants to the court regarding the purported formation of an "account stated" was a fabrication on the part of Defendant for the purpose of providing a foundation to the account stated cause of action that would allow Defendants to eventually obtain a default judgment with little or no evidence. For example, the account stated cause of action is the

only common counts cause of action available under California law for which a plaintiff would not have to prove all items in the alleged account in order to obtain the amount demanded.

35. At no time was an "account stated" ever formed between Plaintiff or anyone for the amount of $5,438.92.

36. At no time was a balance ever struck between Plaintiff and any assignor of Defendant Asset Acceptance for $5,438.92.

37. Plaintiff is informed and believes and based thereon alleges that Defendants knew or should have known that this claim of an Account Stated was untrue when they made these allegations, and the reason for making these false, deceptive, and misleading allegations was to diminish the legal standard required by Defendants in the state action should Plaintiff default in that case.

38. Even though Defendants alleged in the state case that Plaintiff had previously entered in a new, written contract for an account stated in the amount of $5,438.92 the truth is that as of January 2009, there was no agreement regarding the amount due to Beneficial.

39. At no time was there ever an agreed upon balance of $5,438.92 for the account in question in the state case, and even today there is not an agreed upon balance of the account, and the contrary factual representations to the state court and Plaintiff, by Defendants, were the false, deceptive, and misleading representations or means in connection with the collection of a debt, in violation of 15 U.S.C. § 1692e and § 1692e(10).

40. No Defendant, nor its predecessors in interest, have ever waived any contract between any Defendant, or a predecessor in interest, and Plaintiff in favor of a new contract in the state action.

41. At no time did Defendants ever send, nor did Plaintiff ever receive, any statements of account that included an element of finality in the matter that was the subject of the state action.

42. At no time did Defendants ever send, nor did Plaintiff ever receive, any statements of account that were intended to be an account stated in the matter that was the subject of the state action.

43. At no time was there ever a final, conclusive, acknowledgment of an exact amount due, and contemplating all credits and offsets in the matter that was the subject of the state action.

44. The allegation of an account stated by Defendants is a false, deceptive, and misleading fraud on the state court designed to mislead the court and deny Plaintiff contractual rights including, but not limited to, the right to engage in arbitration with regard to a dispute regarding this alleged debt.

*ALLEGATIONS OF OPEN BOOK MADE WITHOUT SUPPORTING DOCUMENTS*

45. On about August 2, 2012, Plaintiff filed an answer to the complaint as a party in propria persona.

46. In about October 2012, Plaintiff retained attorney Daniel Lickel who became her attorney of record by virtue of a substitution of attorney filed on or about October 26, 2012.

47. A case management conference was held on November 1, 2012 and afterward, Plaintiff's counsel served upon Defendants a request for bill of particulars pursuant to California Civil Code section 454 requesting that Asset Acceptance provide a list of all items in the account it was seeking to collect from Plaintiff.

48. The Defendants failed to provide a response. Plaintiff's counsel sent a letter to Defendants requesting the Bill of Particulars and stating that a motion for bill of particulars would be filed if the Defendants did not comply.

49. Rather than provide supporting documentation, Defendants dismissed the complaint against Plaintiff without prejudice. Based on this, Plaintiff is informed and believes that Defendants did not have the documents necessary to support their open book cause of action as alleged in the complaint, despite making the certification that they did have that evidence pursuant to Code of Civil Procedure § 128.7(b)(3).

*DEBT COLLECTION CONSENT DECREE*

50. On January 31, 2012, a consent decree was entered into between Defendant Asset Acceptance and the United States of America. A true and correct copy of the consent decree is attached hereto as **Exhibit D.**

51. The consent decree attached hereto as Exhibit D prohibits FDCPA violations, including but not limited to those asserted in this Complaint.

52. In addition, the consent decree required that Defendant Asset Acceptance disclose the consent decree to all of its agents, including but not limited to Defendants Merrill and Fulton.

# FIRST CLAIM FOR RELIEF

### (Violations of the FDCPA)

### (Against All Defendants)

53.     Plaintiff repeats, re-alleges, and incorporates by reference all the allegations contained in the paragraphs above.

54.     Based on information and belief, each Defendant violated the FDCPA. Defendants' violations include, but are not limited to the following:

   a.     *15 U.S.C. §1692e(2)* by making a false representation of the character, amount, or legal status of the alleged debt; and

   b.     *15 U.S.C. §1692f(1)* by using an unfair or unconscionable means to collect or attempt to collect a claimed debt where the amount attempted to be collected is not expressly authorized by the agreement creating the debt or permitted by law; and

   c.     *15 U.S.C. §1692e(10)* by using a false representation or deceptive means to collect or attempt to collect any debt.

55.     As a proximate result of each and every violation of the FDCPA committed by Defendants, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

56.     Defendants, and each of them, are also liable for payment of three times the statutory damages for the violations of the Fair Debt Collection Protection Act.  Pursuant to California Civil Code section 3345, Plaintiff is a disabled person and the conduct complained of constitutes unfair or deceptive acts or practices or an unfair method of competition.  Plaintiff is a disabled cancer patient.

57.     Pursuant to California Civil Code section 3345, Plaintiff is a disabled person and the conduct herein complained of constitutes unfair or deceptive acts or practices or an unfair method of competition.  Based thereon, Defendants, and each of them, are liable to Plaintiff for three times the statutory damages for their violations of the Federal Fair Debt Collection Protection Act.

///

## SECOND CAUSE OF ACTION

### (Violation of the Rosenthal Act)

### (Against Asset Acceptance)

58. Plaintiff repeats, re-alleges, and incorporates by reference all the allegations contained in the paragraphs above.

59. Based on information and belief, Defendant Asset Acceptance's acts and omissions violated California Civil Code § 1788.17, which incorporates several of the provisions of the FDCPA, including, but not limited to, the following:

    *a.*    *15 U.S.C. §1692e(2)* by making a false representation of the character, amount or legal status of the alleged debt; and

    *b.*    *15 U.S.C. §1692f(1)* by using an unfair or unconscionable means to collect or attempt to collect a claimed debt where the amount attempted to be collected is not an expressly authorized by the agreement creating the debt or permitted by law; and

    *c.*    *15 U.S.C. §1692e(10)* by using a false representation or deceptive means to collect or attempt to collect any debt.

60. Defendant Asset Acceptance's violations of the Rosenthal Act were willful and knowing, thereby entitling Plaintiff to statutory damages pursuant to Civil Code § 1788.30(b).

61. As a proximate result of the violations of the Rosenthal Act committed by Defendant Asset Acceptance, Plaintiff is entitled to any actual damages pursuant to California Civil Code § 1788.30(a); statutory damages in an amount up to $1,000.00 pursuant to California Civil Code § 1788.30(b); and, reasonable attorney's fees and costs pursuant to California Civil Code § 1788.30(c) from Defendant Asset Acceptance.

62. Pursuant to California Civil Code section 3345, Plaintiff is a disabled person and the conduct herein complained of constitutes unfair or deceptive acts or practices or an unfair method of competition. Based thereon, Defendants, and each of them, are liable to Plaintiff for three times the statutory damages for their violations of the California Rosenthal Fair Debt Collection Protection Act.

///

///

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendants, and prays for the following relief:

1. An award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against all Defendants and for Plaintiff;
2. An award of statutory damages of $ 1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) against each Defendant and for Plaintiff;
3. An award of statutory damages of $ 1,000.00 pursuant to California Civil Code § 1788.30(b) against Defendant Asset Acceptance and for Plaintiff;
4. An award of treble damages equal to three times the aforementioned statutory damages pursuant to California Code of Civil Procedure section 3345;
5. An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3) and California Civil Code § 1788.30(c) against Defendants; and
6. Such other and further relief this court may deem just and proper.

## JURY DEMAND

Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Respectfully submitted,

DATED:    2/27/2013              /s/ Daniel Lickel
                                 DANIEL LICKEL
                                 Attorney for Plaintiff